**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on May 9, 2023, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: May 9, 2023**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 20-14537 |
| | ) | |
| OLYMPIC RESTAURANTS LLC, | ) | Chapter 11 |
| d/b/a Simply Greek | ) | |
| | ) | Judge Arthur I. Harris |
| Debtor. | | |

MEMORANDUM OF OPINION[1]

This case is currently before the Court on the debtor's objection to the claim of the U.S. Internal Revenue Service (IRS). The debtor seeks an order reducing the IRS claim by $7,414.16 to reflect payments that a third-party credit card processor made to the IRS from funds of the debtor using a taxpayer identification number (TIN) that belonged to a different entity. For the reasons that follow, the debtor's objection to the claim is overruled without prejudice to any separate

---
[1] This Opinion is not intended for official publication.

action the debtor may have against the credit card processor, the other entity that was credited with the tax payments, or the IRS.

## JURISDICTION

The Court has jurisdiction over this objection. An objection to a claim is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This Court has jurisdiction over core proceedings under 28 U.S.C. §§ 157(a) and 1334 and Local General Order No. 2012-7, entered by the United States District Court for the Northern District of Ohio.

## PROCEDURAL HISTORY

On October 8, 2020, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code (Docket No. 1). The IRS timely filed a proof of claim for both priority and general unsecured taxes. On January 10, 2022, the debtor filed an objection to the claim (Docket No. 80), arguing that it is entitled to a credit of $7,414.16 for funds the IRS applied to the wrong TIN. The IRS responded on February 22, 2022, denying any knowledge of a misapplied payment. (Docket No. 89). On February 14, 2023, the Court held an adjourned hearing on the claim objection and granted the debtor until March 15, 2023, to submit evidence of payment to the IRS, and a deadline of April 17, 2023, for the IRS to respond (Docket No. 100). As evidence of payment, the debtor submitted the affidavits of

2

Pete Moisses, the debtor's operations manager, and Ken Odum, vice president and head of payment operations and network compliance at Fiserv, Inc., the debtor's credit card processor. (Docket No. 103). The IRS responds that it has no knowledge of the transfer and that the claim is valid because the debtor's taxes remain unpaid. (Docket No. 104).

BACKGROUND

The debtor, Olympic Restaurants LLC d/b/a Simply Greek, has owned and operated Simply Greek Restaurant in Solon, Ohio, since August 26, 2019. The debtor used a third-party credit card processor to withhold a portion of credit card sales for the payment of withholding taxes. The credit card processor remits the funds withheld directly to the IRS under the merchant's TIN. If the TIN provided by the merchant does not match IRS records, the credit card processor notifies the merchant that it must submit a revised Form W-9 or be subject to backup withholding. The credit card processor combines the backup withholding from multiple merchants into lump sums, which it pays to the IRS "semi-weekly or daily." (Ken Odum Affidavit page 2, paragraph 11).

The debtor's operations manager explained in his affidavit that "The card system used by the Debtor in 2019, was originally used by Simply Greek Uptown, LLC, a related entity that had closed by the time the Debtor commenced

3

operations." (Pete Moissis Affidavit; page 1, paragraph 3). It is unclear why the debtor's TIN (ending in 1976) was not updated, but it is undisputed that Simply Greek Uptown, LLC's TIN (ending in 6954), remained on the debtor's merchant account. (Ken Odum Affidavit; Page 2, paragraph 9 and Pete Moisses Affidavit; Page 1, paragraphs 4 and 5).

On November 27, 2019, the credit card processor notified the debtor that backup withholding would begin on January 8, 2020, unless the debtor corrected the TIN. The debtor did not respond until February 3, 2020, at which point the credit card processor remitted backup withholding to the IRS of $6,888.56 for January and $525 for February, or $7,414.16 total. (Ken Odum Affidavit; Page 2, paragraph 9, 10 and 12).

It is unclear whether the related entity, Simply Greek Uptown, LLC, which filed its own chapter 11 case in 2018, has outstanding tax liability to the IRS. For example, Simply Greek Uptown, LLC, listed the IRS among its 20 largest unsecured creditors in 2018. *See* N.D. Ohio Case No. 18-16614, Docket No. 1, at page 4. Nevertheless, for purposes of this claim objection, the tax liability, if any, of the related entity is irrelevant.

## STANDARD

A proof of claim is deemed allowed unless an objection is filed. 11 U.S.C. § 502(a). If an objection is filed, a bankruptcy court will hold a hearing to determine whether the claim is allowed and if so, in what amount. 11 U.S.C. § 502(b); *In re CSC Industries, Inc.*, 232 F.3d 505, 509 (6th Cir.2000) ("bankruptcy courts have the statutory authority to determine the *allowability* and *amount* of the claim"). Further, a proof of claim constitutes prima facie evidence of the validity and amount of the claim. Bankruptcy Rule 3001(f). In order to rebut a valid proof of claim, an objecting party must "produce evidence to refute at least one of the allegations essential to the claim's legal sufficiency…" *In re Allegheny Int'l, Inc.* 954 F.2d 167, 173-74 (3d Cir. 1992). If the objecting party produces evidence rebutting the validity of the claim, the burden reverts to the IRS to prove its claim by a preponderance of the evidence. *Id.*

## DISCUSSION

The Court notes that the only issue before it is the debtor's objection to the IRS proof of claim. The debtor's evidence of payment fails to overcome the claim's prima facie validity because the funds at issue were remitted to the IRS using a TIN that belonged to a different entity.

5

Consider the following analogy. An attorney files separate bankruptcy cases for two clients, Debtor 1 and Debtor 2. Both debtors apply to pay filing fees in installments. Debtor 1 pays her attorney $100 for her first filing fee installment, but the attorney erroneously pays the $100 toward the filing fees in Debtor 2's bankruptcy case. If the attorney moves the Court to credit the money to Debtor 1's bankruptcy case, the Court would properly deny the request. Any crediting would be between the attorney and the attorney's two clients.

Although the Court overrules the debtor's objection to claim, the debtor remains free to seek relief against the IRS, separate from a claim objection, such as an order directing the IRS to apply funds paid under the other entity's TIN to the debtor's TIN. Such an action would require an adversary proceeding under Bankruptcy Rules 3007(b) and 7001, assuming such an action were even appropriate in a bankruptcy court. The denial of the debtor's objection to claim is also without prejudice to any action the debtor may have against the credit card processor or the other entity that was credited with the tax payments.

CONCLUSION

For the foregoing reasons, the debtor's objection to the claim of the IRS is overruled without prejudice to any separate action the debtor may have against the

6

20-14537-aih    Doc 106    FILED 05/09/23    ENTERED 05/09/23 11:55:16    Page 6 of 7

credit card processor, the other entity that was credited with the tax payments, or the IRS.

    IT IS SO ORDERED.

7